UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
COURT FILE NO.: CV-

| | |
|---|---|
| **PASQUALE LONGORDO**<br>    Plaintiff,<br><br>v.<br><br>**CREDIT PROTECTION ASSOCIATES**<br>    Defendant, | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k (d) and Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. This Court may assert supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 arising out of the same nucleus of operative facts.

2. This action arises out of Defendants' violations of the FDCPA, the TCPA, the Michigan Occupation Code ("MOC"), MCL 339.901 et seq; or alternative to the MOC, for violations under the Michigan Regulation of Collections Practice Act, ("MRCPA") MCL 445.251 et seq, and invasion of privacy claims.

3. Venue is proper in this District because the acts and transactions occurred here, Mr. Longordo resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff, PASQUALE LONGORDO, is a natural person who resides in the County of Oakland, State of Michigan, and is protected under the FDCPA from harassment, oppression and abuse in connection with the collection of a debt as referenced by 15 U.S.C. § 1692d.

5. Defendants, **CREDIT PROTECTION ASSOCIATES** hereinafter "CREDIT PROTECTION", are, based upon information and belief, is a corporation and collection agency doing business as

and operating under multiple assumed names from an address of 13355 Noel Road, 21st Floor, Dallas, Texas 75240 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant, JOHN DOE, is believed to be a natural person employed by CREDIT PROTECTION as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. At all times relevant to the allegations in this complaint, JOHN DOE acted as an agent for CREDIT PROTECTION in attempting to collect a debt from Mr. Longordo.

## FACTUAL ALLEGATIONS

8. Sometime in 2010, on information, belief and knowledge, Plaintiff, PASQUALE LONGORDO, entered into a service contract with Comcast for Internet service.

9. During the initial installation and set up of Plaintiff's account, Comcast entered an incorrect address for Plaintiff.

10. Plaintiff did not receive an invoice from Comcast.

11. After receiving internet service from Comcast for approximately three (3) months, Comcast disconnected Plaintiff's service.

12. Plaintiff contacted Comcast to determine the reason for the shut-off. After a few conversations, both Plaintiff and Comcast realized that Plaintiff's address was incorrect in Comcast's billing system.

13. Comcast assured Plaintiff that they had addressed the error and it would not occur again and that Plaintiff would begin to receive invoices for service.

14. Approximately two (2) months later, Plaintiff's Internet service was disconnected for a second time by Comcast.

15. Plaintiff contacted Comcast again and detailed the history of the account with Comcast. Comcast told Plaintiff again that they had corrected the error and it would not happen again.

16. Approximately one (1) month later, Plaintiff's Internet service was disconnected a third time by

Comcast.

17. Plaintiff contacted Comcast again and spoke to a manager. The manager indicated to Plaintiff that he did not know why this problem still existed.

18. Approximately three (3) weeks later, while Plaintiff was still without internet service, Comcast contacted Plaintiff and indicated that they were attempting to correct the problem.

19. Subsequently COMCAST began billing Plaintiff for more than $100.00, for cable services which Plaintiff did not receive and which Plaintiff disputed.

20. Plaintiff incurred this cable service debt as a result of his service contract with COMCAST and which debt was used for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

21. Based upon information, belief and knowledge, sometime in April 2012, the alleged debt of Plaintiff, PASQUALE LONGORDO was consigned, placed or otherwise transferred to Defendant, CREDIT PROTECTION, for collection.

### *Illegal Collection Activities Begin in April 2012*

22. In April 2012, the Defendant, CREDIT PROTECTION, by and through its employee collectors, commenced a collection calling campaign utilizing an automated telephone dialing system (ATDS), artificial and pre-recorded voice messages.

23. Plaintiff, PASQUALE LONGORDO advised CREDIT PROTECTION that the debt they were attempting to collect on was inaccurate, disputed and improperly billed.

24. Plaintiff sent a cease and desist contact letter disputing the debt to Defendant on August 18, 2012 which Defendant ignored.

25. Despite this Defendant failed to report the debt as disputed when reporting the alleged delinquency to the credit reporting agencies.

26. Defendant CREDIT PROTECTION, made numerous automated calls to Plaintiff, PASQAULE LONGORDO's cell phone, 248-840-****, in violation of the TCPA's prohibitions on automated

calls to cell phones.

27. During some of the live communications with Plaintiff, Defendant JOHN DOE was disrespectful and demeaning toward Plaintiff ignoring Plaintiff's explanation and dispute of debt.

28. JOHN DOE misrepresented to Plaintiff that CREDIT PROTECTION could continue to call Plaintiff despite receipt of Plaintiff's cease and desist letter.

29. Defendant, CREDIT PROTECTION, on more than one occasion contacted Plaintiff multiple times per day.

30. Based upon information and belief, CREDIT PROTECTION used an Automated Telephone Dialing System (ATDS) and pre-recorded voice messages advising Plaintiff to stay on the line until a live collection agent was connected to him.

31. Plaintiff experienced delays and heard dead air on his cell phone before Defendant's ATDS finally transferred the call to a live collector.

32. A high percentage of the calls from defendant, which Plaintiff answered, were abandoned or hung up after a few seconds of dead air.

### *Respondent Superior Liability*

33. The acts and omissions of Defendants and the individual debt collectors employed as agents by CREDIT PROTECTION, who communicated with Plaintiff as described herein, were committed within the time and scope limits of their agency relationship with their principal, Defendant.

34. The acts and omissions by CREDIT PROTECTION's agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by CREDIT PROTECTION in collecting consumer debts.

35. By committing these acts and omissions against Mr. Longordo, CREDIT PROTECTION's agents were motivated to benefit their principal, CREDIT PROTECTION.

36. CREDIT PROTECTION is therefore liable to Mr. Longordo through the Doctrine of *Respondeat*

*Superior* for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, MOC or alternatively MCPA, in their attempts to collect this debt from Mr. Longordo.

## JURY DEMAND

37. Mr. Longordo is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## COUNT I

## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. § 1692 et Seq.

38. Mr. Longordo incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of CREDIT PROTECTION constitute multiple violations of the FDCPA including, but not limited to, each and every one of the below cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq:

   a. § 1692d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person;

   b. § 1692d(5). Caused the phone to ring or engaged any person in telephone conversations repeatedly;

   c. § 1692e(8), Threatens or communicates false credit information, including the failure to communicate that a debt is disputed;

   d. § 1692e(10) Any false representation or deceptive means to collect a debt or obtain information about a consumer;

   e. § 1692f Any unfair or unconscionable means to collect or attempt to collect the alleged debt.

40. As a result of CREDIT PROTECTION's' violations of the FDCPA, Mr. Longordo is entitled to

actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227

41. Mr. Longordo incorporates all of the above paragraphs by reference.

42. On information and belief, on multiple occasions, CREDIT PROTECTION "willfully" violated the TCPA by using an "automatic telephone dialing system" ("ATDS") to contact Mr. Longordo on his cell phone without Mr. Longordo's express consent and by continuing to call after Plaintiff requested Defendant stop.

43. On multiple occasions, CREDIT PROTECTION "willfully" violated the TCPA by using prerecorded and artificial messages to communicate with Mr. Longordo on his cell phone.

44. Defendant violated the provisions of the TCPA, 47 U.S.C. § 227.

45. As a result of these violations of the TCPA, Mr. Longordo is entitled to actual damages pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount up to $500.00 for each violation pursuant to 47 U.S.C. §227 et seq.; and treble damages ($1,500 per violation) 47 U.S.C. §427(b)(3).

## COUNT III

### Violations of the Michigan Occupational Code

46. Mr. Longordo incorporates all of the above paragraphs by reference.

47. CREDIT PROTECTION is a "collection agency" as that term is defined in the Michigan Occupation Code ("MOC"), M.C.L. § 339.901(b).

48. Mr. Longordo, is a consumer as defined by the MOC and is a person whom the act was intended to protect. M.C.L. § 339.901(f).

49. CREDIT PROTECTION has violated the following provisions of the MOC: M.C.L. § 339.915(n) by engaging in repeated calls to Mr. Longordo after Plaintiff requested CREDIT PROTECTION to stop these calls.

50. The natural consequence of such repeated calling to a person who does not wish to be bothered and who has disputed owing the debt, is to harass the target of those calls.

51. CREDIT PROTECTION's continued calls to Mr. Longordo in spite of actual notice of his dispute and his repeated requests that CREDIT PROTECTION stop calling his cell phone establishes that CREDIT PROTECTION failed to implement a procedure designed to prevent a violation by its employees; in violation of M.C.L. § 339.915(q).

52. CREDIT PROTECTION's foregoing acts in attempting to collect this debt against Mr. Longordo constitute violations of the Michigan Occupation Code.

53. Mr. Longordo has suffered damages as a result of these violations of the Michigan Occupation Code.

54. These violations of the Michigan Occupation Code were willful.

## COUNT IV

### Violations of the Michigan Regulation of Collection Practices Act

55. Plaintiff incorporates the preceding allegations by reference.

56. Plaintiff incorporates the preceding allegations by reference.

57. Defendant CREDIT PROTECTION and its employees/agents are "regulated persons" as defined by MCL 445.251(g)(xi) in the Michigan Regulations of Collections Practices Act ("MRCPA") MCL 445.251, et seq.

58. Plaintiff is a person whom the act was intended protect, MCL 445.251(d).

59. Defendants' foregoing acts in attempting to collect this debt against Plaintiff constitute violations of the Michigan Regulation of Collections Practices Act.

60. Plaintiff has suffered damages as a result of these willful violations of the Michigan Regulations

of Collections Practices Act.

61. These violations of the Michigan Regulation of Collections Practices Act were willful.

### DEMAND FOR JUDGMENT FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I

### Violations of the Fair debt Collection Practices Act 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff.

### COUNT II

### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227et seq.

- for an award of actual damages pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for Plaintiff;

- for an award of statutory damages pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for Plaintiff;

- for an award of treble damages pursuant to 47 U.S.C. §227(b)(3).

### COUNT III

**Violations of the Michigan Occupational Code as Alternative to Claims under the Michigan Regulations of Collection Practices Act**

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Occupation Code violations in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

### COUNT IV

**Violations of the Michigan Regulation of Collection Practices Act (as Alternative to Claims under the Michigan Occupational Code)**

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Regulation of Collection Practices Act violations in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

*Accordingly, Mr. Longordo requests that the Court:*

a. Grant statutory damages.

b. Grant actual damages.

c. Grant exemplary damages

d. Grant punitive damages pursuant to the Michigan Occupation Code ("MOC"), MCL 339.901 et seq; or alternative to the MOC, for violations under the Michigan Collection Practice Act, ("MCPA") MCL 445.251 et seq,

e. Award costs and attorney fees.

Dated January 2, 2014							Respectfully submitted,

                                                          REX ANDERSON, PC

                                                          /s/ Rex C. Anderson
                                                          Rex C. Anderson, Attorney for Plaintiffs
                                                          9459 Lapeer Rd. Ste. 101
                                                          Davison MI 48423
                                                          (810) 653-3300
                                                          mied@rexandersonpc.com
                                                          (P47068)