UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PASQUALE LONGORDO<br>**Plaintiff,**<br><br>**v.**<br><br>**CREDIT PROTECTION ASSOCIATES**<br>**Defendant,** | **CASE NO: 2:14-CV-10010-AC-LJM**<br><br>**HONORABLE AVERN COHN**<br>**MAGISTRATE LAURIE MICHELSON** |

| | |
|---|---|
| Rex C. Anderson (P47068)<br>Attorney for Plaintiff<br>Rex Anderson PC<br>9459 Lapeer Rd., Ste. 101<br>Davison, MI 48423<br>(810) 653-3300<br>rex@rexandersonpc.net | Justin M. Penn<br>Avanti Bakane<br>Attorneys for Defendant<br>Hinshaw & Culbertson LLP<br>222 N. La Salle St., Ste. 300<br>Chicago, IL 60601<br>(312) 704-3000<br>jpenn@hinshawlaw.com<br>abakane@hinshawlaw.com |

_____

## <u>REPORT OF PARTIES' RULE 26(f) CONFERENCE</u>

The counsel identified below, as required by Fed.R.Civ.P. 26(f), participated in the preparation of the following report**.**

On February 21, 2014, we met and conferred on the issues identified under Fed. R. Civ. P. 26(f).

1) Description of Case:

    (a)    Concise Factual Summary of Plaintiff's Claim:

        **Plaintiff alleges that Defendants engaged in a series of automated telephone dialed calls to Plaintiff's cell phone. Plaintiff alleges he requested Defendants cease calling him. Plaintiff alleges violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq., the Telephone Consumer Protection Act 47 U.S.C. § 227, Michigan Occupational Code, and the Michigan Regulation of Collection Practices Act.**

    (b)    The Plaintiff consents to **withdraw whichever state collection law is inapplicable to this defendant. See 1(c) below.**

1

(c)     Any supplemental (or "pendant") state law claims involved in this case are as follows:

**The Michigan Occupational Code, M.C.L § 339.901(b), and alternatively the Michigan Collection Practices Act, MCL 445.251, et seq.**

(d)     Concise Factual Summary of Defendant's claims/defenses:
**Defendant asserts that it handled the underlying account correctly, and that it did not place calls after receiving a request not to call further.  As such, defendant asserts that it did not violate the FDCPA.  Notwithstanding, to the extent that there was a violation, defendant has asserted the bona fide error affirmative defense.  Defendant also asserts that it did not use an automatic telephone dialing system (ATDS) to call plaintiff's cell phone and therefore, Defendant did not violate the TCPA.  Defendant also raises the affirmative defenses that it had Plaintiff's consent to call plaintiff; that arbitration may be the appropriate venue for plaintiff's claims depending on any contracts plaintiff may have entered into; and that Plaintiff has not suffered any injury in fact and therefore, does not have standing under Article III of the United states Constitution.**

(e)     Summary of Factual Stipulations or Agreements: **None.**

(f)     Statement of whether a jury trial has been timely demanded by any party:

**Plaintiff has timely demanded a jury trial.**

2)     Statement of Jurisdiction (including statutory citations):

**The basis for jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act 47 U.S.C. § 227 and pursuant to 28 U.S.C. § 1367 for pendent state law claims.**

3)     Relationship to other cases:

**Not applicable.**

4)     Discovery Schedule/Deadline:

(a)     The parties recommend that the Court establish the following discovery deadlines:

i.   The parties will disclose Rule 26(a)(1) material (Initial Disclosures) by **March 28, 2014.**

ii.  Discovery Cut-off: **July 31, 2014.**

iii.  Dispositive Motion Cut-off: **August 31, 2014.**

(b)   The following changes should be made in the timing or substance of any mandatory disclosures:  **None.**

(c)   Discovery is needed on the following subjects:  **Plaintiff requests discovery on the alleged telephone calls, Defendant's: telephone account numbers, telephone equipment, telephone software, telephone service carrier providers, and Defendant's procedures designed to avoid the alleged violations.   Plaintiff anticipates deposing 30(b)(6) corporate representative, employees/agents of the Defendant involved in the subject FDCPA, TCPA & MOC / MRCPA violations.**

**As for Defendants, Discovery will be necessary as to Plaintiff's claims under the FDCPA, TCPA, and Michigan State Statutes; Plaintiff's measure of damages and Defendant's defenses to Plaintiff's claims.**

(d)   The case is "standard" Discovery should continue through **July 31, 2014.**

(e)   Discovery need not be phased or limited.

(f)   No additional limitations on discovery should be imposed except: none

(g)   The following orders should be entered at this time relating to privileges, or under Rule 16(b) [time limits, dates and other matters] or under Rule 16(c) [action by the court which may facilitate the just, speedy and inexpensive disposition of the case]:  **none**.

(h)   Counsel for the parties shall provide its discovery requests in electronic format for ease in preparing responses thereto.

5)   **Pleadings:**

(a)   Statement of whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

**Plaintiff's complaint has been filed with the Court.  Defendants' answer has been filed.**

(b)   Proposed date by which all hearings on motions to amend and/or add parties to the action shall be filed: **March 28, 2014**

6)   **Resolution**

We have discussed the possibility of prompt resolution, (including the advisability of alternative dispute resolution, arbitration, early facilitative mediation, an early settlement conference with the court, etc.) and report as follows:

Plaintiff's view is:  **The Court conduct a settlement conference in August 2014 or earlier if the court prefers.**

Defendant's view is: **Same.**

| Dated: **February 23, 2014** | Dated: **February 23, 2014** |
|---|---|
| ___/s/ Rex C. Anderson_____<br>Rex C. Anderson, Esq. (P47068)<br>Rex Anderson, P.C.<br>Attorney for Plaintiff<br>9459 Lapeer Rd, Suite 101<br>Davison MI 48423<br>Telephone:  (810) 653-3300<br>rex@rexandersonpc.net | _/s/Justin M. Penn_____<br>Justin M. Penn<br>Avanti Bakane<br>Attorneys for Defendant<br>Hinshaw & Culbertson LLP<br>222 N. La Salle St., Ste. 300<br>Chicago, IL  60601<br>(312) 704-3000<br>jpenn@hinshawlaw.com<br>abakane@hinshawlaw.com |