# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PASQUALE LONGORDO<br>        Plaintiff,<br><br>v.<br><br>CREDIT PROTECTION ASSOCIATES, L.P.<br>        Defendant. | CASE NO: 2:14-CV-10010-AC-LJM<br><br>HONORABLE AVERN COHN<br>MAGISTRATE LAURIE MICHELSON |

## DEFENDANT'S TRIAL BRIEF

Defendant, Credit Protection Association, L.P. ("CPA"), respectfully submits the following trial brief which outlines the general facts and legal framework in which the Court should consider the evidence in this case.

After Mr. Longordo opened an account with Comcast for internet services, there was some confusion about which mailing address Comcast sent the bills. Mr. Longordo paid some of the bills but failed to pay others. Therefore, Comcast sent the unpaid balance of $93.97 to CPA for collection, and CPA attempted to collect the defaulted debt. Mr. Longordo and Comcast figured out the issues with respect to his claim that he did not receive bills, and his failure to pay, and Comcast began providing service to Mr. Longordo again. CPA received an electronic fraud dispute code from Experian, one of the three credit bureaus, regarding Mr. Longordo's first Comcast account and CPA responded by reporting that debt as disputed and requesting all three credit bureaus (Experian, Equifax and Transunion) to delete CPA's trade line of this particular account debt.

At some point later, Mr. Longordo became unhappy with the new Comcast service, and again stopped paying on that new Comcast service account. Thereafter, Comcast submitted Mr. Longordo's newly unpaid balance of $155.02 to CPA for collection work.

CPA claims it had express consent to call Plaintiff's cell phone because Comcast sent the cell phone number to CPA. CPA claims that Comcast obtained consent from Plaintiff to call that cell phone number and to disclose that number for business purposes such as collections. CPA claims it did not receive any notice from Mr. Longordo to indicate that he did not want to be contacted on his cell phone, until after CPA had a phone conversation with Mr. Longordo in December 2013, at which time CPA stopped contacting Mr. Longordo. CPA claims it did not violate any of the consumer laws Plaintiff alleges in his complaint.

The following consumer laws are at issue:

**Fair Debt Collection Practices Act ("FDCPA")**

In determining whether any particular conduct violates the FDCPA, the courts have used an objective test based on the "least sophisticated consumer". *Harvey v. Great Seneca Fin. Corp.,* 453 F.3d 324, 329 (6th Cir. 2006).

Plaintiff's complaint alleges the following violations of the FDCPA:

1. §1692d by placing multiple phone calls the natural consequence of which was to harass the Plaintiff
2. §1692d(5) by causing the phone to ring repeatedly;
3. §1692e(8) by communicating false credit information
4. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer
5. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt.

It is the plaintiff's burden to establish what, if any, damages to award pursuant to the FDCPA.  However, the Act does not require that an award be entered.  If a damage award is given, the trier of fact must determine what amount to give to the plaintiffs.

The Act provides that each plaintiff may receive an award of statutory damages in an amount that does not exceed $1,000, regardless of the number of FDCPA violations alleged. 15 U.S.C. §1692k.  This means the maximum statutory recovery in this case under the FDCPA is $1,000.

In determining the amount of statutory damages, if any, to award to the plaintiffs, the trier of fact should consider: (1) the frequency and persistence of non-compliance by the defendant; (2)  the nature of such non-compliance; and (3) the extent to which such non-compliance was intentional. 15 U.S.C. §1692k

**Telephone Consumer Protection Act ("TCPA")**

The TCPA makes it unlawful for a person to make any call, other than a call made with the prior express consent of the called party, using an "automatic telephone dialing system" or pre-recorded voice to a cellular phone.  47 U.S.C. §227(b)(1)(A)

If Plaintiff proves that Defendant violated the TCPA, and if the trier of fact finds that Defendant has not proved that Plaintiff provided his prior express consent to be called on his cellular phone, you may award Plaintiff the actual monetary loss from the violation, or $500 in damages for each violation, whichever is greater. 47 U.S.C. §227(b)(3)(B)

If the "court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection [of the TCPA], the court may, in its discretion,

increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C.A. § 227(b)(3).  However, said treble damages under the FDCPA for "willful and knowing" violations are to only be decided by the Court, in its exercise of discretion as expressly provided in the statue. The jury is not authorized to exercise discretion to increase the amount of the damages.  The jury is not to decide the issue of treble damages.

**Michigan Occupational Code**

In order to prevail on their claim that the defendant is liable to them for a violation of the Michigan Occupational Code ("MOC"), the plaintiff has the burden of proof to establish the violation of the two sections of the MOC alleged in the Complaint:

 (1) that the defendant caused a telephone to ring or engaged any person in telephone conversation repeatedly, continuously or at unusual times, in a harassing, oppressive, or abusive method.  M.C.L. § 339.901(n)

(2)  that the defendant failed to implement a procedure designed to prevent a violation by an employee. M.C.L. § 339.901(q)

If Plaintiff proves that Defendant violated the MOC, the trier of fact may award Plaintiff the actual monetary loss from the violation, or $50 in damages, whichever is greater. M.C.L. § 339.916.

In  addition, "[i]f the court finds that the method, act, or practice was a wilful violation, it may award a civil penalty of not less than 3 times the actual damages." M.C.L. § 339.916.

However, this consideration of treble damages, pursuant to the M.O.C. for "willful" violations, is for the Court's discretion only, they are not to be considered or decided by a jury.

                                                        RESPECTFULLY SUBMITTED,

                                By:  /s/ *Nabil G. Foster*
                                          One of the attorneys for
                                          Credit Protection Association, L.P.

Nabil G. Foster
Justin M. Penn
HINSHAW & CULBERTSON LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

## CERTIFICATE OF SERVICE

    I hereby certify that on May 3, 2015, I electronically filed the with the Clerk of the U.S. District Court, Eastern District of Michigan, the foregoing **Defendant's Trial Brief** by using the CM/ECF system, which will send notification of such filing(s) to all attorneys of record and via U.S. Mail, First Class to all non-attorneys:

Rex C. Anderson
REX ANDERSON, PC
9459 Lapeer Road, Suite 101
Davison, MI  48423
E-mail:  rex@rexandersonpc.net


HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
Tel:     312-704-3000
Fax:    312-704-3001

*/s/Nabil G. Foster*

131056177V1 0955417